**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-2552
_____

D.O. DANIEL A. SALVATIERRA,
Appellant

v.

LAKE ERIE COLLEGE OF OSTEOPATHIC MEDICINE,
also known as LECOM

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 1:23-cv-00152)
District Judge: Honorable Cathy Bissoon

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 20, 2024

Before: SHWARTZ, RESTREPO, and FREEMAN, <u>Circuit</u> <u>Judges</u>

(Opinion filed: January 13, 2025)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se Appellant Daniel A. Salvatierra appeals the District Court's July 29, 2024 order reentering its dismissal of his complaint against Appellee Lake Erie College of Osteopathic Medicine ("LECOM") for failure to prosecute. On a prior appeal, we found the District Court's initial order dismissing the case deficient because it merely cited Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863, 868 (3d Cir. 1984), without analysis or explanation. See Salvatierra v. Lake Erie Coll. of Osteopathic Med., No. 24-1274, 2024 WL 3518304, at *1 (3d Cir. July 24, 2024) (per curiam). We remanded the matter to the District Court and instructed it to explicitly consider the Poulis factors. See id. On remand, the District Court considered the six factors and concluded that dismissal under Poulis was warranted. For the following reasons, we will affirm the District Court's order.

We have jurisdiction pursuant to 28 U.S.C. § 1291 and review a District Court's order dismissing a suit under Poulis for an abuse of discretion. Hildebrand v. Allegheny County, 923 F.3d 128, 131 (3d Cir. 2019). The factors a District Court must weigh under Poulis before dismissing a case for failure to prosecute are: "(1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party . . . was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim." 747 F.2d at 868. Although not every Poulis factor needs to be satisfied to warrant dismissal of the suit, "we have always required consideration and balancing of *all six* of the factors and have recommended the resolution of any

2

doubts in favor of adjudication on the merits." United States v. $8,221,877.16 in U.S. Currency, 330 F.3d 141, 162 (3d Cir. 2003) (emphasis in original).

We do not have any "magic formula" or "mechanical calculation" to use when determining whether a District Court abused its discretion by its balancing of Poulis factors and its dismissal of a plaintiff's case. *Mindek v. Rigatti,* 964 F.2d 1369, 1373 (3d Cir. 1992). However, as the Supreme Court has explained, "[t]he question, of course, is not . . . whether the Court of Appeals, would as an original matter have dismissed the action; it is whether the District Court abused its discretion in so doing." Nat'l Hockey League v. Metro. Hockey Club, Inc., 427 U.S. 639, 642 (1976).

Although we may have viewed some of the factors differently, the District Court's amended order provided an analysis of the Poulis factors as we directed, and we cannot say that the District Court abused its discretion in dismissing Salvatierra's complaint for failure to prosecute.[1] Accordingly, we will affirm the District Court's order.

---

[1] Because the District Court did not rule on LECOM's motion to dismiss, we will not consider LECOM's alternative argument that affirmance is warranted for failure to state a claim.